LOURIE, Circuit Judge,
concurring.
I agree with the results of the majority opinion in all respects, but I would arrive at the conclusion of invalidity of the '439 Janzen patent by a different route.
In a nutshell, this case is resolved by the failure of the granted Janzen and '498 (sibling) patents to maintain consonance with the original restriction requirement. The accompanying requirement for election of species, which perhaps raises an issue of first impression, is a complication that should not come into play in deciding the appeal. That is where I differ with the majority opinion and the district court.
Under § 121, “[a] patent issuing on an application with respect to which a requirement for restriction under this section has been made, or on an application filed as a result of such a requirement, shall not be used as a reference ... against a divisional application or against the original application or any patent issued on either of them, if the divisional application is filed before the issuance of the patent on the other application.” 35 U.S.C. § 121.
First, it is worthy of note that this provision contemplates that it is divisional applications that are filed pursuant to a restriction, and the Janzen patent issued on a continuation, not a divisional application. The very title of § 121 is “Divisional applications.” It refers to divisional applications three times, twice in relation to the immunity from double patenting issue. However, we have held that the protections of § 121 are not vitiated by the presence of a continuation application in a chain of applications, even though the statute refers only to divisionals. Amgen Inc. v. F. Hoffmann-La Roche Ltd., 580 F.3d 1340, 1354 (Fed.Cir.2009). Thus, I agree that the '498 sibling patent would fall within the § 121 safe harbor, as it issued on a continuation application and, being limited to methods, maintains consonance with the original restriction requirement between devices and methods.
However, regarding the Janzen patent, our case law has held that a subsequent divisional application claiming immunity under § 121 must claim subject matter “consonant” with the restriction requirement. Geneva Pharm., Inc. v. GlaxoSmithKline PLC, 349 F.3d 1373, 1381 (Fed.Cir.2003); Gerber Garment Tech., Inc. v. Lectra Sys., Inc., 916 F.2d 683, 688 (Fed.Cir.1990). That did not occur here with *1383 Janzen. The restriction requirement required dividing claims to devices from claims to methods, and the Janzen patent contains both device and method claims. It is the opposite of consonant. The district court referred to the consonance issue as the “most challenging issue” in the case, and I believe it is dispositive of the result, although not as the district court decided it.
The application that led to the '183 (grandparent) patent was subjected to a restriction requirement, distinguishing between claims 1-38, drawn to devices, and claims 39-94, drawn to methods. While the applicants elected to prosecute the claims to devices, they then acted contrary to that election, filing another divisional application, still containing claims to both devices and methods. They received the same restriction requirement. They then filed continuation applications that issued as the Janzen patent and the '498 sibling patent. The Janzen patent thus claimed both devices and methods, contrary to the applicants’ previous elections and not consonant with their election to prosecute the device claims in the earlier application and hence the method claims elsewhere.
In the parent application that preceded both the Janzen patent and the '498 sibling patent, the patent examiner, beyond making a restriction requirement, also required an election of species from what were referred to as patentably distinct species A, B, and C, stating “the claims shall be restricted if no generic claim is finally held to be allowable. Currently no claims are generic.” Such a requirement for election of species is not the same as a restriction requirement. It is tentative and its consequences are avoidable by the applicant obtaining the allowability of a generic claim encompassing the various species or by filing separate applications to pursue the nonelected subject matter. In my view, the district court and the majority err in even considering the effect of the requirement for election of species in this case.
The district court analyzed claim 7 of the '498 sibling patent and concluded that the consonance issue was contingent upon whether claim 7 describes a dilator and guidewire—species B—whereas the claims of the Janzen patent elected species C, limited to a guidewire alone. The court concluded that claim 7 of the '498 sibling patent was directed to species B, and the claims of the Janzen patent to species C, so, in its view, there was no consonance problem.
I agree with the majority that the district court erred in failing to recognize that the Janzen patent contains both claims to methods (9-10) and claims to devices (1-8). Thus, the Janzen claims are not consonant with the restriction requirement in the grandparent and parent patents. As such, whether filed as a divisional or a continuation, the Janzen patent does not receive the benefit of § 121’s immunity from double patenting. As indicated, and contrary to the reasoning of the majority, it is not the distinction between species that is the issue, because they arose from a requirement to elect species pending the allowability of a generic claim, but to the distinction between the method and device inventions that were actually the subject of the original restriction requirement.
Thus, I disagree with the majority’s commingling of the restriction requirement and requirement for an election of species. The election of species requirement was not a restriction requirement. It was not final, but was contingent on the absence of *1384 an allowable generic claim. If there was no generic claim, as appears to be the case, then the applicant could have argued that the species were not independent and distinct inventions. Alternatively, a separate application could have been filed on non-elected species.
It is true that 37 C.F.R. § 1.146, dealing with election of species, states that the “claim will be restricted if no claim to the genus is found to be allowable.” But the appearance of the word “restriction” in the rule relating to election of species does not make it another requirement for restriction piled onto the § 121 requirement for restriction.
The Boehringer case, cited in the majority opinion only for a lesser point, does not change this analysis. It does not deal with an election of species, just a requirement for restriction.
I therefore believe that the majority opinion overcomplicates the analysis of this appeal and improperly commingles restriction practice with election of species practice. But I nonetheless agree with its conclusions.